IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL VALENTINE, an individual, and CRYSTAL VALENTINE, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> AUTO-OWNERS INSURANCE, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO AMEND OR RELIEVE PLAINTIFFS** <br><br> Case No. 2:22-cv-00815-RJS-CMR <br><br> Chief District Judge Robert J. Shelby <br><br> Magistrate Judge Cecilia M. Romero |

This case arises from Plaintiffs Michael and Crystal Valentine's discovery of defects in their newly constructed home. After settling with the home's builder and owner-seller, Alpine Design Consultants, LLC, in Utah state court, the Valentines brought the instant case as assignees of Alpine Design against its Commercial General Liability (CGL) insurer, Auto-Owners Insurance.[1]

On February 5, 2024, the court entered a Memorandum Decision and Order granting Auto-Owners' Motion for Summary Judgment and denying the Valentines' Motion for Summary Judgment.[2] Now before the court is the Valentines' Rule 59(e) and Rule 60(b) Motion to Amend or Relieve Plaintiffs[3] from that Order. For the reasons explained below, the court GRANTS IN PART and DENIES IN PART the Motion. Specifically, the court affirms its finding that the damages to the Valentines' home are not covered because the Valentines and Alpine Design did

---

[1] Dkt. 2, *Complaint*.

[2] Dkt. 29, *Memorandum Decision and Order Granting Defendant's Motion for Summary Judgment and Denying Plaintiffs' Motion for Partial Summary Judgment* (*Order*).

[3] Dkt. 30, *Rule 59(e) and Rule 60(b) Motion to Amend or Relieve Plaintiffs from the Court's Memorandum Decision and Order* (*Motion to Amend*).

not comply with two of the Policy's provisions.  However, the court finds it erred in dismissing the Valentine's breach of fiduciary duty claim and reverses its grant of summary judgment on that claim.

## BACKGROUND AND PROCEDURAL HISTORY[4]

The Valentines discovered serious defects when they moved into their newly constructed home, and sued the home's builder and owner-seller, Alpine Design, in Utah state court.[5]  Alpine Design tendered its defense to Auto-Owners, its CGL insurer, which defended Alpine Design subject to a Reservation of Rights.[6]  The Valentines and Alpine Design eventually settled without Auto-Owners' consent, ending the state litigation.[7]  As part of the settlement, Alpine Design assigned any claims it had against Auto-Owners to the Valentines.[8]  In December 2022, the Valentines filed the current case, asserting claims for declaratory judgment, breach of fiduciary duty, breach of contract, and breach of the implied covenant of good faith and fair dealing.[9]

In March 2023, the parties agreed to a bifurcated discovery plan.[10]  Specifically:

[The parties] anticipate[d] the need for standard discovery . . . begin[ning] only after the briefing and [c]ourt's decision on partially dispositive motions regarding coverage under the Policy.  The partially dispositive motions shall only address whether Auto-Owners has a duty to indemnify the Valentines, through assignment,

---

[4] The court assumes the parties' familiarity with the facts and procedural history of the case.  As a result, the court focuses only on the relevant background and procedural history here.  For a more detailed background, the court recommends reviewing *Order* at 3–10.

[5] *Id.* at 1.

[6] *Id.*

[7] *Id.*

[8] *Id.* at 1–2.

[9] *Id.* at 2.

[10] Dkt. 12, *Attorney Planning Meeting Report*.

against the Judgment in the underlying Suit.  No discovery is anticipated as it is believed the duty to indemnify question is a question of law.[11]

As planned, both the Valentines and Auto-Owners filed motions for summary judgment, seeking a resolution of whether the damages to the Valentines' home were covered by the CGL insurance policy (Policy).[12]  The Valentines sought only a partial motion for summary judgment, but Auto-Owners went further, asserting that, if "there is no coverage at all . . . , summary judgment for all of Plaintiffs' causes of action in this matter is appropriate."[13]

While insurance motions at this stage are often resolved based on an evaluation of whether the damages were occurrences under the Policy not precluded by an exclusion, the court held the damages were not covered because Alpine Design and the Valentines did not comply with two contract provisions.[14]  Specifically, the court found Alpine Design and the Valentines ran afoul of the: (1) Legal Action Against Us provision, which states Auto-Owners can be sued only to recover on either an agreed settlement signed by Auto-Owners or "a final judgment against an insured obtained after an actual trial;" and (2) the Common Policy Conditions, which requires Auto-Owners to consent in writing to any transfer of the insured's rights and duties under the Policy.[15]  The Valentines did not contest that the plain language of the Policy provisions were violated.[16]  Instead, they argued the court should not apply traditional contract

---

[11] *Id.* at 3–4.  Similarly, the Report stated, "Except for initial disclosures, no discovery is anticipated for Phase A, which will consist of the parties preparing and filing partially dispositive motions on the question of Auto-Owner's duty to indemnify the Valentines under the Policy.  No factual discovery is anticipated.  In the event it is determined by the parties that fact discovery is necessary in Phase A, the parties shall work to accomplish the same. . . .  Phase A will conclude when the [c]ourt rules on the question of coverage under the Policy . . . ." *Id.* at 4.

[12] *Order* at 2.

[13] Dkt. 17, *Defendant Auto-Owners Insurance Company's Motion for Summary Judgment* (*Auto-Owners' Motion for Summary Judgment*) at 2.

[14] *Order* at 2–3.

[15] *Id.*

[16] *Id.* at 14.

interpretation to these provisions because the Valentines pled a tort claim (breach of fiduciary duty), and because Auto-Owners materially breached the contract first, relieving Alpine Design and the Valentines of their duty to perform the contract terms.[17]

The Valentines urged the court to follow Judge Tena Campbell's analysis in *Rupp v. Transcontinental Insurance Company*,[18] where she found the defendant insurers could not rely on breached contract provisions to overcome a tort claim for breach of fiduciary duty. However, the court declined to do so. It first identified *Rupp* as persuasive authority which dealt with only one of the two contract provisions at issue here.[19] The court then compared the factual records before the *Rupp* court and the court here.[20] It concluded, "To overcome Auto-Owners' motion for summary judgment, the Valentines must do more than simply state Auto-Owners breached its fiduciary duties to the insured."[21] The court was concerned that, "[i]f the court were to rule in the Valentines' favor, it would mean simply pleading a breach of fiduciary duty claim while providing no evidentiary support would be sufficient to defeat an insurer's motion for summary judgment invoking policy provisions limiting coverage."[22]

Regarding the Valentines' invocation of the first breach rule, the court noted the brevity of the argument presented.[23] The court held "the Valentines offer no evidence to support their first breach rule argument" because they did not provide any evidence of a breach of contract or the materiality of the breach.[24]

---

[17] *Id.* at 3.

[18] 627 F. Supp. 2d 1304 (D. Utah 2008).

[19] *Order* at 16, 19.

[20] *Id.* at 17–19.

[21] *Id.* at 19.

[22] *Id.*

[23] *Id.* at 20.

[24] *Id.* at 20–21.

The Valentines now argue the court should reconsider its decision under Rules 59(e) and 60(b)(1) of the Federal Rules of Civil Procedure.  Having considered the parties' briefs,[25] and concluding oral argument would not be materially helpful,[26] the Motion is now ripe for review.

## LEGAL STANDARD

The Valentines invoke Rule 59(e) and 60(b)(1) in their Motion.[27]  Rule 59(e) allows a court to reconsider the substantive correctness of its prior judgment.[28]  Courts have limited discretion when ruling on a Rule 59(e) motion because "once the district court enters judgment, the public gains a strong interest in protecting the finality of judgments."[29]  A court may grant a Rule 59(e) motion only where it "has misapprehended the facts, a party's position, or the controlling law."[30]  Grounds warranting amendment of a judgment include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[31]  Here, the Valentines invoke the third category: clear error.[32]  While a Rule 59(e) motion is not an appropriate tool for relitigating old

---

[25] *Motion to Amend*; Dkt. 35, *Defendant Auto-Owners Insurance Company's Memorandum in Response to Plaintiffs' Rule 59(e) and Rule 60(b) Motion to Amend or Relieve Plaintiffs from the Court's Memorandum Decision and Order* (*Opposition*); Dkt. 38, *Reply Memorandum Supporting Plaintiffs' Rule 59(e) and Rule 60(b) Motion to Amend or Relieve Plaintiffs from the Court's Memorandum Decision and Order* (*Reply*).

[26] *See* DUCivR 7-1(g).

[27] *Motion to Amend* at 2.

[28] *See Nelson v. City of Albuquerque*, 921 F.3d 925, 928 (10th Cir. 2019) ("[A] motion constitutes a Rule 59(e) motion if it 'requests a substantive change in the district court's judgement or otherwise questions its substantive correctness.'") (quoting *Yost v. Stout*, 607 F.3d 1239, 1243 (10th Cir. 2010)).

[29] *Id.* at 929.

[30] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[31] *Id.*

[32] *Motion to Amend* at 4 ("Rule 59(e) relief is appropriate here because the [c]ourt misapprehended this case's procedural posture, improperly ruled on an issue not before it, and misapprehended the Valentines' breach of fiduciary duty claim.").

matters or introducing arguments or evidence "that could have been raised prior to the entry of judgment,"[33] parties may "reargue previously articulated positions to correct clear legal error."[34]

The Valentines also invoke Rule 60(b)(1), which allows a court to relieve a party from a final judgment on "just terms" due to "mistake, inadvertence, surprise, or excusable neglect."[35] This relief is extraordinary because it sacrifices the preservation of finality in order to ensure justice is "done in light of all the facts."[36]  A mistake occurs "(1) [when] a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order."[37]  "If the mistake alleged is a party's litigation mistake, [courts] have declined to grant relief under Rule 60(b)(1) when the mistake was the result of a deliberate and counseled decision by the party."[38]  This includes a party who simply misunderstands the legal consequences of its deliberate actions.[39]  Instead, Rule 60(b)(1) contemplates only "litigation mistakes that a party could not have protected against, such as the party's counsel acting without authority of the party to that party's detriment" or "failure to comply with procedural rules."[40]

---

[33] *Nelson*, 921 F.3d at 929 (internal citations and quotations omitted).

[34] *Mayes Fam. Trust v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1005 (10th Cir. 2017).

[35] Fed. R. Civ. P. 60(b)(1).

[36] *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) ("[Rule 60(b)(1)] is an extraordinary procedure which seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts.") (internal quotation marks omitted); *see also Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) ("Relief under Rule 60(b), however, is 'extraordinary and may only be granted in exceptional circumstances.'") (citing *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996)).

[37] *Cashner*, 98 F.3d at 576 (citations omitted).

[38] *Id.* at 577.

[39] *Id.*

[40] *Id.* (citations omitted).

## ANALYSIS

### I.      The Standard Rules of Contract Interpretation Would Result in a Finding of No Coverage.

Under Utah law, "[a]n insurance policy is merely a contract between the insured and the insurer and is construed pursuant to the same rules applied to ordinary contracts."[41]  "[I]f the language within the four corners of the contract is unambiguous, the parties' intentions are determined from the plain meaning of the contractual language."[42]

In a dispute over coverage, "[t]he burden of establishing coverage under an insurance policy is on the party who asserts that a loss comes within the coverage of the policy."[43]  Then "the insurer has the burden to demonstrate that exclusions exist under which it can deny coverage."[44]  The Valentines contend that the provisions at issue are "exclusions," so the burden rested with Auto-Owners to demonstrate "exclusions exist under which it can deny coverage."[45]

---

[41] *Alf v. State Farm Fire & Cas. Co*, 850 P.2d 1272, 1274 (Utah 1993); *see also Utah Farm Bureau Ins. Co. v. Crook*, 1999 UT 47, ¶ 5, 980 P.2d 685 ("Insurance policies are generally interpreted according to the rules of contract interpretation.").

[42] *Benjamin v. Amica Mut. Ins. Co.*, 2006 UT 37, ¶ 14, 140 P.3d 1210 (internal quotation marks omitted).

[43] *Cincinnati Ins. Co. v. AMSCO Windows*, 921 F. Supp. 2d 1226, 1233 (D. Utah Feb. 5, 2013).

[44] *Am. Nat'l Prop. & Cas. Co. v. Sorensen*, 2013 UT App 295, ¶ 13, 362 P.3d 909.

[45] *Reply* at 3.  The court notes that the Valentines raise this argument for the first time in their Reply, depriving Auto-Owners of the opportunity to respond.  And, although Auto-Owners does not explicitly make the argument, Auto-Owners' summary judgment brief framed its discussion of the provisions as conditions precedent to coverage, and the Valentines never disputed that framing.  *See, e.g.*, *Auto-Owners' Motion for Summary Judgment* at 36 ("There was no compliance with the coverage terms under this part of the Policy."); *id.* ("The Common Policy Conditions of the Policy require certain conditions of the [P]olicy to be followed in order for there to be coverage. . . . The judgment and assignment of claims from [Alpine Design] to [the Valentines] does not comply with the Common Policy Conditions."); *id.* at 37 ("This consent is required and fatal if not obtained.").

The court conservatively analyzes the provisions as exclusions,[46] and it is Auto-Owners' burden "to demonstrate that exclusions exist[ed] under which it can deny coverage."[47]

Auto-Owners argued in its summary judgment briefing that the Valentines were not entitled to indemnification because Alpine Design and the Valentines violated two Policy provisions: the Legal Action Against Us provision and the Common Policy Conditions regarding assignment.[48] The Valentines did not contest that the plain language of the Policy provisions was violated. Therefore, the court concluded "[t]he settlement was not signed by Auto-Owners, violating the Legal Action Against Us provision, and Auto-Owners did not provide written consent for the assignment of Alpine Design's rights under the contract, violating the Common Policy Conditions."[49] If the court limited its evaluation to the standard rules of contract interpretation, "the Policy's provisions . . . would preclude coverage and bar this lawsuit."[50]

## II. The Court Evaluated—and Found Unpersuasive—the Valentines' Argument Relying on *Rupp v. Transcontinental Insurance Company*.

To avoid this outcome, the Valentines argued in opposition to Auto-Owners' summary judgment motion that "as a matter of law, it is inappropriate to apply the Conditions when there

---

[46] At least one other federal court has interpreted the Legal Action Against Us provision as "a condition, with which [a] plaintiff must comply prior to bringing a lawsuit against [a] defendant for breach of contract [because] '[w]hen an insurance policy explicitly makes compliance with a term in the policy a condition precedent to coverage, the insured has the burden of establishing that it complied with that term.'" *Garcia v. Mercury Cas. Co.*, No. 2:16-CV)1658-JCM-NJK, 2017 WL 2345615, at *3 (D. Nev. May 26, 2017) (quoting *Valentine v. State Farm Mut. Auto. Ins. Co.*, 105 F. Supp. 3d 1176, 1182 (D. Nev. Apr. 27, 2015)). While *Garcia* is based on Nevada law, Utah case law suggests Utah courts may consider at least the Legal Action Against Us provision as a condition precedent rather than a covenant, because "[w]ords such as 'on condition that,' 'if,' and 'provided,' are words of condition, and in the absence of indication to the contrary, the employment of such words in a contract creates conditions precedent." *McArthur v. State Farm Mut. Auto. Ins. Co.*, 2012 UT 22, ¶ 32, 274 P.3d 981 (citation omitted). Nevertheless, the court chooses to analyze the provisions as exclusions, putting the burden on Auto-Owners.

[47] *Sorensen*, 2013 UT App 295, ¶ 13.

[48] *Order* at 13.

[49] *Id.* at 14 (citing Dkt. 18-4, *Settlement and Assignment Agreement* at 10–12; *Auto-Owners' Motion for Summary Judgment* at 38).

[50] *Id.*

is a pending breach of fiduciary duty claim," relying on *Rupp*.[51]  Auto-Owners did not engage

significantly with *Rupp*, but contended it was entitled to judgment as a matter of law

notwithstanding *Rupp*.[52]  According to the Valentines, Auto-Owners never satisfied its "initial

burden of . . . entitlement to judgment as a matter of law" because it never refuted the

Valentines' argument that *Rupp* precluded application of contract principles.[53]  By considering

the facts presented, the Valentines contend, the court impermissibly shifted the burden to the

Valentines.[54]

The Valentines relied solely on *Rupp* to support their argument that "it is inappropriate to

apply the Conditions when there is a pending breach of fiduciary duty claim."[55]  The court began

its summary judgment analysis by identifying *Rupp*, a 2008 decision in the District of Utah, as

persuasive authority.  And because it was persuasive authority, the court was not bound by its

holding.[56]  The court additionally noted that *Rupp* did not address the Common Policy

Conditions, nor did the Valentines explicitly argue that its holding should be extended to reach

this clause.[57]

---

[51] *Reply* at 4; *Rupp v. Transcon. Ins. Co.*, 627 F. Supp. 2d 1304 (D. Utah Nov. 17, 2008).

[52] Dkt. 23, *Defendant Auto-Owners Insurance Company's Reply Memorandum in Support of its Motion for Summary Judgment* (*Auto-Owners' Summary Judgment Reply*) at 16.

[53] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  When determining summary judgment, the court applies a burden-shifting analysis.  The party moving for summary judgment "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."  *Id.*

[54] *Reply* at 5–6.

[55] *Id.* at 4.

[56] *Order* at 16 ("Because the Utah Supreme Court has not yet addressed the issue of whether the Legal Action Against Us provision could serve as a bar to a bad faith claim, the *Rupp* court proffered its best prediction.  While it is persuasive authority, this court is not bound to follow its conclusions.") (citing *Rupp*, 627 F. Supp. 2d at 1324).

[57] *Id.* at 19 ("By arguing that no contract provision can serve as a bar where there is a bad faith claim against the insurer, the Valentines suggest *Rupp*'s logic should be extended to reach [the Common Policy Conditions] clause as well.  However, this argument is not clearly presented to the court.") (citing to Dkt. 19, *Plaintiffs' Memorandum in Opposition to Motion for Summary Judgment* (*Valentines' Summary Judgment Opposition*) at 20).

Because *Rupp* was only persuasive authority, the court was required to evaluate whether it was adequately persuaded that the circumstances of this case warranted application of *Rupp*. In other words, the court asked whether it should follow binding Utah precedent instructing the court to interpret the Policy according to contact interpretation principles or whether it should follow the analysis in *Rupp*. The court would follow *Rupp* only if it was sufficiently analogous to serve as persuasive precedent, especially since the Valentines' argument required the court to expand *Rupp*'s reasoning to additional Policy provisions. It is in that context that the court began examining the differences in the factual presentation of the two cases.[58] By comparing the facts of each case, the court could evaluate whether it was persuaded that the legal rationale should be extended.

The facts were not outside of the scope of the work this court was required to undertake to assess the Valentines' argument; they were part of the court's legal analysis. The Valentines put the facts at issue by advancing an argument that relied on persuasive—not binding—precedent. The court was required to evaluate the facts irrespective of whether "Auto-Owners . . . argued the Valentines failed to create a factual dispute,"[59] to resolve the legal question of whether it should follow *Rupp*. In other words, had the Valentines presented a factual record similar to the record before Judge Campbell in *Rupp*, which demonstrated a genuine dispute over material facts necessitating a trial, the court may have decided it warranted extending *Rupp*'s persuasive precedent. But the factual records were dissimilar, so the court declined to follow *Rupp* and instead applied straight-forward contract interpretation principles.

---

[58] *Id.* at 17–18 ("[T]he record before the *Rupp* court enabled it to conclude there were genuine issues of material fact requiring a trial on the merits. . . . In light of the record presented, the *Rupp* court concluded, '[t]he question of whether the insurers acted in bad faith 'turn[ed] on factual issues to be determine by a jury after consideration of all the evidence.'" . . . But, in contrast with *Rupp*, the Valentines offer little evidence to support th[e] statement [that 'Auto-Owners breached its fiduciary duties to [Alpine Design]'].").

[59] *Motion to Amend* at 5.

Under contract law, Auto-Owners demonstrated that it was entitled to summary judgment on the issue of coverage.

While the Order could have more carefully delineated the steps of the court's legal analysis, the court remains convinced the analysis and outcome were correct based on the arguments advanced by the parties. Reliance on the facts was necessary to evaluate the strength of the Valentines' legal arguments. Therefore, the court did not resolve summary judgment on grounds not argued by a party.

### III.   The Valentines Bore the Burden to Demonstrate a Genuine Issue of Material Fact for Trial on Their First Breach Defense.

The Valentines assert the court incorrectly shifted the burden to the Valentines to demonstrate a genuine issue of material fact on their first breach defense.[60] The Valentines "argu[ed] that, as a matter of law, it is inappropriate to apply the Conditions when there is a . . . first breach defense."[61]  In other words, "even if the claims did sound in contract, the [P]olicy provisions relied upon by Auto-Owners . . . would not be enforceable under the First Breach Rule."[62]

However, unlike the breach of fiduciary duty claim above, the Valentines' first breach argument sounds exclusively in contract.  As a result, when Auto-Owners established that the relevant Policy provisions had been breached, it satisfied its "initial burden of making a prima

---

[60] *Reply* at 2–4.

[61] *Id.* at 4.

[62] *Order* at 20 (quoting Dkt. 16, *Plaintiffs' Motion for Partial Summary Judgment* at 13); *see also Valentines' Summary Judgment Opposition* at 20 n.11 ("Even if the claims did sound in contract rather than tort, the First Breach Rule would apply to alleviate any requirement to comply with the policy terms after Auto-Owners breached its duties to [Alpine Design].").

facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[63]

Once the moving party satisfies its initial burden, "the burden then shifts to the nonmoving party to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of [the disputed] element."[64]  And because the Valentines invoke the first breach rule as an affirmative defense, they would have the burden of proof at trial.[65]  The Valentines were required to "go beyond the pleadings and set forth specific facts that would be admissible in evidence in the event of a trial from which a rational trier of fact could find for the nonmovant."[66]  As the court found in its Order, the Valentines did not identify the elements of a breach or present evidence regarding the materiality of Auto-Owners' breach.[67]  "Conclusory allegations . . . cannot be utilized to avoid summary judgment."[68]

## IV.    It Was Not the Court's Duty to Invoke Bifurcation or Rule 56(d).

The court understands that the bifurcated discovery made it difficult for the Valentines to adequately establish a factual record that would have persuaded the court to extend *Rupp*'s analysis or find an issue of material fact necessitating trial on the first breach defense.  But the Valentines could have invoked Rule 56(d).[69]  They did not, and the burden to do so was on them.[70]

---

[63] *Adler*, 144 F.3d at 670–71 (citing *Celotex*, 477 U.S. at 323).

[64] *Johnson v. City of Bountiful*, 996 F. Supp. 1100, 1102 (D. Utah Mar. 9, 1998).

[65] *Accesslex Inst. v. Philpot*, 2023 UT App 21, ¶ 18, 526 P.3d 1282 ("While a plaintiff bears the burden of proving its own claims, a defendant—at least in civil cases—bears the burden of proof with regard to affirmative defenses.").

[66] *Adler*, 144 F.3d at 671 (internal quotation marks omitted).

[67] *Order* at 20–21.

[68] *Pasternak v. Lear Petroleum Expl., Inc.*, 790 F.2d 828, 834 (10th Cir. 1986).

[69] *See Order* at 19 n.132.

[70] Rule 56(d) allows a non-movant to "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]"  Fed. R. Civ. P. 56(d).  It was not Auto-Owners' duty to argue that "the

The Valentines cite several cases from sister circuits for the proposition that "[c]ourts faced with similar circumstances refused to resolve issues outside the scope of the bifurcated issues."[71]  However, in each of the cited cases, the non-moving party raised the discovery issue with the court and said it was unable to respond properly because of the bifurcated discovery.[72] The court did not find an instance in the Tenth Circuit where a district court has invoked sua sponte bifurcated discovery as a reason to either deny or stay a motion for summary judgment. In contrast, the court found only additional cases where the non-moving party invoked bifurcated discovery to urge the court to deny or stay a motion for summary judgment.[73]  Here, the Valentines mentioned the bifurcated discovery only in oral arguments, and they never argued the court should invoke Rule 56(d) if discovery was required.[74]  It would have been improper and

---

Valentines . . . failed to seek time to conduct discovery under Federal Rule of Civil Procedure 56(d)." *Motion to Amend* at 5.  It was the Valentines' duty to seek the discovery if they thought it was needed.

[71] *Motion to Amend* at 6 (citing *Kelsey v. Withers*, 718 F. App'x 817 (11th Cir. 2017); *Wassall v. DeCaro*, 91 F.3d 443 (3d Cir. 1996)).

[72] In *Kelsey v. Withers*, the plaintiffs objected to having to respond to defendant's motion for summary judgment. 718 F. App'x. at 819 ("At the plaintiffs' request . . . ."); *see also Transcript of Telephone Conference Proceedings Held on 6/1/2016* at 4:3–9, *Kelsey v. Withers*, No. 1:14-CV-02357-LMM, (N.D. Ga. Oct. 19, 2016), ECF No. 116 ("I understand that the plaintiff[s] object[] to having to respond to that because there was an agreement in place between the parties . . . and the plaintiffs believe that they need additional discovery to respond to the motion for summary judgment.").  Similarly, in *Wassall v. DeCaro*, the Third Circuit reversed the district court's grant of defendant's motion for summary judgment.  91 F.3d at 444.  Defendant argued there was an alternative basis to affirm summary judgment, and "[p]laintiffs argue[d] that, because discovery was limited to the Muhammad issue, affirming on this ground would be unfair."  *Id.* at 450.  The Third Circuit agreed that "[b]ecause discovery was bifurcated at [defendant's] request, we will not affirm on this alternative ground."  *Id.* at 451.

[73] *See, e.g.*, *Barton v. Waechter, L.L.C.*, No. CV 06-1349-MLB, 2008 WL 11439344, at *6 (D. Kan. Jan. 3, 2008) (denying defendant's motion for summary judgment because "Plaintiff points out that discovery in this litigation was bifurcated, and . . . 'discovery is not yet complete as to the issue'…."); *Gagnon v. Merit Energy Co., LLC*, No. 14-CV-00832-PAB-KLM, 2015 WL 3961174, at *1 (D. Colo. June 29, 2015) (denying plaintiffs' motion for summary judgment as premature because "plaintiffs' motion for summary judgment violates the scheduling order, which bifurcated discovery on class certification and liability issues" and responding "requires . . . discovery from plaintiffs' experts and time for [defendant] to identify its own rebuttal experts"); *Brown v. Unified Sch. Dist. No. 501*, No. 17-CV-2390-JWL, 2018 WL 5112271, at *3 (D. Kan. Oct. 19, 2018) (striking portions of defendant's motion for summary judgment because "the magistrate judge, per the parties' agreement, bifurcated discovery in this case and contemplated an 'early' summary judgment motion based solely on defendant's procedural defenses").

[74] Dkt. 30-1, *Transcript of Motion Hearing on November 28, 2023* at 40:3–18 ("THE COURT: Let's just say that I don't follow Judge Campbell and *Rupp*.  Then are we not left with a factual dispute that prevents me from applying your [first breach] defense?  Then I am left with the plain language of the contract, and I don't think that means summary judgment for the carrier either, but there has been no determination of bad faith.  MS. STEFFEY:  Correct, because we divided fact discovery. . . . [W]e wanted to have the interpretation of the contract first. . . . So if Your

contrary to the plain language of Rule 56(d) for the court to invoke sua sponte the parties'

agreement to bifurcate discovery.

### V.        The Court Erred in Dismissing the Valentines' Breach of Fiduciary Duty Claim.

The Valentines argue that the court erred in dismissing their breach of fiduciary duty

claim because "it misapprehended the claim."[75]  The court agrees it erred.  Specifically, Auto-

Owners did not carry its burden to demonstrate its entitlement to summary judgment as a matter

of law on this claim.  Auto-Owners moved for summary judgment on all claims because "[a]ll of

[the Valentines'] causes of action are based in contract and if Auto-Owners has no duty to

indemnify for damages . . . then summary judgment on all causes of action is appropriate."[76]

However, Auto-Owners never explained why a finding of no coverage necessitated dismissal of

the Valentines' breach of fiduciary duty claim.  Indeed, Auto-Owners suggested the two claims

were not related: "[the Valentines'] allegations of breach of fiduciary duties are separate from the

issue of coverage for the property damage."[77]  And Auto-Owners never engaged with the

relevant elements of a breach of fiduciary duty claim.[78]  Therefore, because Auto-Owners did not

carry its burden to demonstrate its entitlement to summary judgment as a matter of law, the court

erred in dismissing the Valentines' breach of fiduciary duty claim.

---

Honor finds that *Rupp* does not apply and that the contractual provisions are in force, then discovery would need to occur in order to determine whether there was a breach by Auto-Owners and whether as a result the first breach rule applies.").  Contrary to the Valentines' argument that they did not have notice the court was considering the factual record, the court inquired about the "factual dispute [] prevent[ing] [it] from applying [the Valentines' first breach] defense."  *See Motion to Amend* at 7.  Beyond failing to argue Auto-Owners' summary judgment arguments invoking the Conditions provisions fell outside the bifurcation agreement, the Valentines responded to Auto-Owners' arguments on the merits—thus inviting (if not requiring) the court to resolve the issues that were briefed.

[75] *Motion to Amend* at 7.

[76] *Auto-Owners' Motion for Summary Judgment* at 2.

[77] *Auto-Owners' Summary Judgment Reply* at 16.

[78] *See Order* at 18 (identifying the three elements: "(1) there was a substantial likelihood of an excess verdict; (2) Auto-Owners refused to settle within policy limits; and (3) it was unreasonable for Auto-Owners to reject the settlement offer").

## VI.     Rule 60(b)(1) Does Not Provide Relief for the Valentines' Mistake.

Rule 60(b)(1) permits a court to relieve a party from a final judgment on "just terms" due to "mistake, inadvertence, surprise or excusable neglect."[79]  Such relief is extraordinary because it sacrifices the preservation of finality in order to ensure justice is "done in light of all the facts."[80]  The Valentines argue the court should amend its Order "based on the Valentines' excusable litigation mistake" or "based on [the court's] own substantive mistake of law."[81]

Rule 60(b)(1)'s mistake provision is appropriate "where[] (1) a party has made an excusable litigation mistake . . . or (2) . . . the judge has made a substantive mistake of law or fact in the final judgment or order."[82]  "Excusable litigation mistakes are not those which were the result of a deliberate and counseled decision by the complaining party."[83]  In other words, "a party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes."[84]

Here, the Valentines argue "their counsel misunderstood the parties' stipulation to bifurcate these proceedings."[85]  In support, they cite *Jolin v. Casto*.[86]  There, the court issued a

---

[79] Fed. R. Civ. P. 60(b)(1).

[80] *Jennings*, 394 F.3d at 856 (10th Cir. 2005) (quoting *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983)) (emphasis removed).

[81] *Motion to Amend* at 10–11.  Regarding the court's substantive mistake of law, the Valentines refer to their earlier 59(e) arguments.  The court denies the Valentines' Motion to Amend its decision on coverage but grants their Motion to Amend with respect to the Valentines' breach of fiduciary duty.  Therefore, the court evaluates only whether the court should provide 60(b)(1) relief based on the Valentines' excusable litigation mistake.

[82] *Cashner*, 98 F.3d at 576 (citations omitted).

[83] *Yapp*, 186 F.3d at 1231 (citing *Cashner*, 98 F.3d at 577).  Instead, "the kinds of mistakes by a party that may be raised by a Rule 60(b)(1) motion are litigation mistakes that a party could not have protected against, such as the party's counsel acting without authority of the party to that party's detriment."  *Cashner*, 98 F.3d at 577 (citing *Thompson v. Kerr-McGee Ref. Corp.*, 660 F.2d 1380, 1384–85 (10th Cir. 1981); *Surety Ins. Co. of California v. Williams*, 729 F.2d 581, 582–83 (8th Cir. 1984)).

[84] *Yapp*, 186 F.3d at 1231 (citing *Cashner*, 98 F.3d at 577; *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990)).

[85] *Motion to Amend* at 10.

[86] 238 F.R.D. 48 (D. Conn. 2006).

notice that it would "dismiss this case for failure to prosecute absent action or explanation within 20 days."[87]  Counsel filed no response because they incorrectly assumed that the notice did not apply to the case because "discovery was ongoing, it did not appear that 'no action' had been taken."[88]  The court relied on Rule 60(b) to reopen the case because "counsel's misreading of the [Local] Rule 41(a) notice, however misguided, appears to have been an honest mistake."[89]  However, the Valentines' counsel here did not decline to take action but instead forcefully responded to Auto-Owners' argument.  Counsel may have simply "fail[ed] to predict the legal consequences" that would result.[90]  This is not the type of mistake contemplated by Rule 60(b)(1).

## CONCLUSION

For the reasons stated above, the Valentines' Motion to Amend[91] is GRANTED IN PART and DENIED IN PART.  Specifically, the court affirms its finding that the damages to the Valentines' home are not covered because the Valentines and Alpine Design did not comply with two of the Policy's provisions.  However, the court finds it erred in dismissing the Valentine's breach of fiduciary duty claim and reverses its grant of summary judgment on that claim.  The Clerk of Court is directed to reopen the case.

SO ORDERED this 5th day of September 2024.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[87] *Id.* at 49.

[88] *Id.* at 50.

[89] *Id.*

[90] *Yapp*, 186 F.3d at 1231 (citing *Cashner*, 98 F.3d at 577; *Pelican Prod. Corp.*, 893 F.2d at 1146).

[91] Dkt. 30.

16